MICHAEL G. COLANTUONO, State Bar No. 143551
mcolantuono@chwlaw.us
MATTHEW C. SLENTZ, State Bar No. 285143
mslentz@chwlaw.us
**COLANTUONO, HIGHSMITH & WHATLEY, PC**
790 E. Colorado Boulevard, Suite 850
Pasadena, California 91101-2109
Telephone: (213) 542-5700
Facsimile: (213) 542-5710

Attorneys for
SANTA BARBARA COUNTY VINTNERS ASSOCIATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| FLYING GOAT CELLARS, INC., a California general corporation; NORM YOST, an individual; and KATHLEEN GRIFFITH, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SANTA BARBARA COUNTY BOARD OF SUPERVISORS, a government entity; BOB NELSON, in his official capacity as Chairman of the Board of Supervisors; SANTA BARBARA COUNTY VINTNERS ASSOCIATION, a business league;<br><br>Defendants. | Case No. 2:26-cv-05489-SPG-DMKx<br><br>Assigned to Hon. Sherilyn Peace Garnett<br><br>**DEFENDANT SANTA BARBARA COUNTY VINTNERS ASSOCIATION'S NOTICE OF MOTION AND RULE 12 MOTION TO DISMISS TAKINGS CLAIM**<br><br>*Filed concurrently with Request for Judicial Notice; Declaration of Matthew C. Slentz; Proposed Order*<br><br>Hearing Date: October 21, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5C |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 21, 2026 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 5C of the above-referenced Court, located at 350 W 1st Street, Suite 4311, Los Angeles, CA, 90012, Defendant Santa Barbara County Vintners Association ("SBCVA") will move this Court for an order dismissing Plaintiffs' Fifth Amendment takings claim in this action under Rule 12(b) of the Federal Rules of Civil Procedure.

As explained in the attached Memorandum of Points and Authorities, Plaintiffs' third count fails to state a claim on which this Court may grant relief. SBCVA moves to dismiss this claim under Rule 12(b)(6) for these reasons:

- The Santa Barbara County Wine Improvement District assessment imposes a monetary obligation calculated as a percentage of gross sales; it does not appropriate specific, identifiable property and therefore is not a taking under the Fifth Amendment; and
- Even if the assessment constituted a taking, promotion of Santa Barbara County's wine industry, tourism, and related economic activity serves a public purpose under the Public Use Clause of the Fifth Amendment.

This motion is based upon this Notice, the Memorandum of Points and Authorities below, the concurrently filed Request for Judicial Notice, the pleadings, records, and files in this action, and such other oral and documentary evidence as may be presented at or before the hearing in this matter.

DATED: September 9, 2026

**COLANTUONO, HIGHSMITH & WHATLEY, PC**

/s/ Matthew C. Slentz

MICHAEL G. COLANTUONO
MATTHEW C. SLENTZ
Attorneys for SANTA BARBARA COUNTY VINTNERS ASSOCIATION

COLANTUONO, HIGHSMITH & WHATLEY, PC
790 E. COLORADO BOULEVARD, SUITE 850
PASADENA, CALIFORNIA 91101-2109

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION .......... 7

II. STATEMENT OF FACTS .......... 8

A. The PBID Law .......... 8

B. Santa Barbara County Established the Santa Barbara County Wine Improvement District in February 2025 .......... 9

C. Flying Goat, Unhappy With the Assessment, Sues Alleging Federal Civil Rights Violations .......... 10

III. ARGUMENT .......... 10

A. Flying Goat's Third Count Fails to State a Claim Upon Which Relief Can Be Granted .......... 10

1. Rule 12(b)(6) Requires the Pleading of Specific Facts Demonstrating That Relief Is Plausible on Its Face .......... 10

2. SBCWID Assessments Are Not Takings .......... 11

3. Promoting the Wine Industry Is a Public Use .......... 13

IV. CONCLUSION .......... 16


COLANTUONO, HIGHSMITH & WHATLEY, PC
790 E. COLORADO BOULEVARD, SUITE 850
PASADENA, CALIFORNIA 91101-2109

# TABLE OF AUTHORITIES

Page(s)

## Federal Cases

*Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020 (9th Cir. 2007) .......... 13

*Armstrong v. United States*, 364 U.S. 40 (1960) .......... 12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 10

*Assoc. Gen. Contractors of Calif. v. Calif. State Council of Carpenters*, 459 U.S. 519 (1983) .......... 11

*Ballinger v. City of Oakland*, 24 F.4th 1287 (9th Cir. 2022) .......... 11, 12, 13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 10

*Cal-Almond, Inc. v. U.S. Dep't of Agric.*, 14 F.3d 429 (9th Cir. 1993) .......... 14

*Demarest v. City of Leavenworth*, 876 F. Supp. 2d 1186 (E.D. Wash. 2012) .......... 14

*Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229 (1984) .......... 14, 15, 16

*Kelo v. City of New London, Conn.*, 545 U.S. 469 (2005) .......... 13, 14, 15, 16

*Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595 (2013) .......... 13

*Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528 (2005) .......... 11

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025 (9th Cir. 2008) .......... 11

COLANTUONO, HIGHSMITH & WHATLEY, PC
790 E. COLORADO BOULEVARD, SUITE 850
PASADENA, CALIFORNIA 91101-2109

*McCarthy v. City of Cleveland*,
626 F.3d 280 (6th Cir. 2010)....................................................................12

*McCarthy v. Mayo*,
827 F.2d 1310 (9th Cir. 1987)..............................................................10, 11

*MHC Fin. Ltd. P'ship v. City of San Rafael*,
714 F.3d 1118 (9th Cir. 2013).......................................................13, 14, 15

*One World One Fam. Now v. City & Cnty. of Honolulu*,
76 F.3d 1009 (9th Cir. 1996)....................................................................14

*Richardson v. City & Cnty. of Honolulu*,
124 F.3d 1150 (9th Cir. 1997)..................................................................14

*Rindge Co. v. Los Angeles Cnty.*,
262 U.S. 700 (1923)..................................................................................16

*Robertson v. Dean Witter Reynolds, Inc.*,
749 F.2d 530 (9th Cir. 1984)....................................................................11

*Thompson v. Consolidated Gas Utilities Corp.*,
300 U.S. 55 (1937)....................................................................................13

*United States v. Sperry Corp.*,
493 U.S. 52 (1989)....................................................................................12

*Webb's Fabulous Pharmacies v. Beckwith*,
449 U.S. 155 (1980)..................................................................................12

*Zeyen v. Bonneville Joint Dist., # 93*,
114 F.4th 1129 (9th Cir. 2024).................................................................11

**California Cases**

*Epstein v. Hollywood Ent. Dist. II Bus. Improvement Dist.*,
87 Cal. App. 4th 862 (2001)........................................................................8

**Federal Statutes**

42 U.S.C. § 1983.....................................................................................7, 10

COLANTUONO, HIGHSMITH & WHATLEY, PC
790 E. COLORADO BOULEVARD, SUITE 850
PASADENA, CALIFORNIA 91101-2109

## California Statutes

California Streets and Highway Code
§§ 36600 et seq. ....................................................................................8
§ 36601(b) ..............................................................................................14
§ 36606 ....................................................................................................8
§ 36608 ....................................................................................................8
§ 36609 ....................................................................................................8
§ 36610(i) .................................................................................................8
§ 36610(f) .................................................................................................8
§ 36610(k) ................................................................................................8
§ 36612 ....................................................................................................8
§ 36621(a).................................................................................................8
§ 36622 ....................................................................................................8
§ 36623 ....................................................................................................8
§ 36625 ....................................................................................................8
§ 36651 ....................................................................................................8
§ 36670 ....................................................................................................8

## Rules

Federal Rules of Civil Procedure
12(b) .........................................................................................................2
12(b)(6)................................................................................2, 7, 10, 17

## Constitutional Provisions

U.S. Const. amend. I ...................................................................................10

U.S. Const. amend. V................................................................................*passim*

COLANTUONO, HIGHSMITH & WHATLEY, PC
790 E. COLORADO BOULEVARD, SUITE 850
PASADENA, CALIFORNIA 91101-2109

## I. INTRODUCTION

Wine production and wine tourism are established parts of Santa Barbara County's regional economy and identity. In February 2025, following a petition and vote of affected wineries, the County established the Santa Barbara County Wine Improvement District ("SBCWID") under California's Property and Business Improvement District Law of 1994. The SBCWID assesses wine tasting facilities one percent of gross sales to fund collective efforts to promote Santa Barbara County as a wine destination, increase visitation and wine sales, and strengthen recognition of the region's wine industry. Defendant Santa Barbara County Vintners Association ("SBCVA") is the owners' association designated under the statutory scheme to administer those assessment revenues.

Plaintiffs Norm Yost, Kathleen Griffith, and Flying Goat Cellars, Inc. (together, "Flying Goat") disagree with the assessment and SBCVA's marketing efforts and sue the County and SBCVA under 42 U.S.C. section 1983. Among other theories, Flying Goat's third count alleges the assessment violates the Fifth Amendment because it takes Flying Goat's money and transfers it to a private association without a public use. That theory fails as a matter of law. The Takings Clause does not transform an obligation to pay an assessment calculated from gross sales into a physical appropriation of private property. And even assuming a taking, promoting tourism, economic activity, and a significant local industry is a public purpose. The fact that assessed wineries receive a particular benefit, or that SBCVA administers the funds, does not make that purpose private. The Court should dismiss Flying Goat's third count under Rule 12(b)(6).

COLANTUONO, HIGHSMITH & WHATLEY, PC
790 E. COLORADO BOULEVARD, SUITE 850
PASADENA, CALIFORNIA 91101-2109

## II. STATEMENT OF FACTS

### A. The PBID Law

California's Property and Business Improvement District Law of 1994 (Cal. Sts. & High. Code, §§ 36600 et seq.) ("PBID Law") authorizes cities and counties to establish business improvement districts ("BIDs") to assess businesses to fund services and improvements to benefit those businesses. Cal. Sts. & High. Code, §§ 36606, 36610(f), (i), (k); *Epstein v. Hollywood Ent. Dist. II Bus. Improvement Dist.*, 87 Cal. App. 4th 862, 865 (2001). A BID is initiated by petition of business owners who will pay more than half the proposed assessments. Cal. Sts. & High. Code, § 36621(a). The board of supervisors[1] must then hold a protest hearing to allow assessees to block the proposal. *Id.* § 36623. If no majority protest is lodged, the board of supervisors may form the BID by resolution. *Id.* § 36625.

A county forming a BID must then — if the assessees so elect — contract with a private entity (an "owners' association") designated by the assessed businesses to administer assessment proceeds. Cal. Sts. & High. Code, §§ 36612, 36651; *cf. Epstein*, 87 Cal. App. 4th at 871. The board of supervisors exerts control over assessment proceeds by its contract with the owners' association and a management district plan the association board and board of supervisors each approve. Cal. Sts. & High. Code, § 36622. The board of supervisors may also disestablish a BID for good cause or upon petition of a majority of assessees. *Id.* § 36670.

Communities dependent on the local wine industry have used the PBID Law to assess vintners to fund collective marketing. Request for Judicial Notice ("RJN"), Exh. 1 (Temecula Valley Wine and Agricultural Heritage District), Exh. 2

---

[1] The PBID Law refers to "cities" and "city councils" but defines the terms broadly to include counties and their boards of supervisors. Cal. Sts. & High. Code, §§ 36608, 36609.

COLANTUONO, HIGHSMITH & WHATLEY, PC
790 E. COLORADO BOULEVARD, SUITE 850
PASADENA, CALIFORNIA 91101-2109

(Livermore Valley Wine Heritage District), & Exh. 3 (Santa Cruz Mountains Wine Improvement District). Such BIDs are often called "Wine Improvement Districts" or "WIDs" but are "BIDs" under the PBID Law by another name.

### B. Santa Barbara County Established the Santa Barbara County Wine Improvement District in February 2025

In 2024, WID supporters gained enough signatures to create the SBCWID. Dkt. No. 1-3, at 1–2. The County held multiple public hearings, a majority of assessed businesses supported the SBCWID and the Board of Supervisors therefore approved its creation at a February 2025 public hearing. *Id.* at 1–3. The County's resolution and management district plan named SBCVA as the statutorily authorized "owners' association." Dkt. No. 1-3 at 4; Dkt. No. 1-4 at 13.

The SBCWID's management plan notes it includes "all wine tasting facilities, existing and in the future, located within the boundaries of the County, which includes the unincorporated areas of the County, and the cities of Carpinteria, Santa Barbara, Goleta, Solvang, Buellton, Santa Maria, and Guadalupe … ." Dkt. No. 1-4 at 6. The SBCWID imposes an "annual assessment rate [of] one percent (1%) of gross sales revenue of assessed wine tasting facilities." *Id.* at 3. Assessment revenues are spent to "promote Santa Barbara County as a premium winegrowing region and a premier global wine destination and leader in the global wine community" with "a central theme of promoting Santa Barbara County as a desirable place to visit and a desirable area to purchase wines." *Id.* at 8. Consistent with California's constitutional requirements for monetary exactions by government, the management district plan explains the SBCWID assessment is imposed for the specific benefit and government service provided — increased visitation and sales for assessed wine tasting facilities. *Id.* at 9–10.

COLANTUONO, HIGHSMITH & WHATLEY, PC
790 E. COLORADO BOULEVARD, SUITE 850
PASADENA, CALIFORNIA 91101-2109

### C. Flying Goat, Unhappy With the Assessment, Sues Alleging Federal Civil Rights Violations

Flying Goat sued in May 2026, asserting it disagreed with SBCVA's marketing efforts, and that the SBCWID assessment was therefore unconstitutional. Dkt. No. 1 at 1–2. The complaint alleges three counts under 42 U.S.C. section 1983, claiming the SBCWID assessment amounts to compelled speech and compelled association in violation of the First Amendment, and that the County and SBCVA have unconstitutionally taken private property for private use in violation of the Fifth Amendment. *Id.* at 13–17. While the SBCVA disagrees with each contention, this motion focuses more narrowly on Flying Goat's Fifth Amendment taking and public use claim.

## III. ARGUMENT

### A. Flying Goat's Third Count Fails to State a Claim Upon Which Relief Can Be Granted

#### 1. Rule 12(b)(6) Requires the Pleading of Specific Facts Demonstrating That Relief Is Plausible on Its Face

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the formal sufficiency of the claim for relief, not the underlying merits. A pleading cannot survive unless it alleges "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 555). A plaintiff must allege specific facts, not conclusory allegations, for each cause of action. *McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987).

COLANTUONO, HIGHSMITH & WHATLEY, PC
790 E. COLORADO BOULEVARD, SUITE 850
PASADENA, CALIFORNIA 91101-2109

Absent such specific facts, conclusory allegations and unwarranted deductions of fact cannot overcome a motion to dismiss. *Id*. Nor must a court assume a plaintiff can prove facts not alleged. *Assoc. Gen. Contractors of Calif. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983). A court need not accept as true allegations of a complaint contradicted elsewhere in the complaint or by matters properly subject to judicial notice. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Dismissal is proper absent sufficient factual allegations under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–534 (9th Cir. 1984).

Here, Flying Goat's third count alleges the SBCWID assessment violates the Fifth Amendment because it "compels Plaintiffs to make a specific, identifiable transfer of money to a named private trade association" and "[t]here is no sufficient 'public use' to justify this taking…" Flying Goat is incorrect on both counts. The complaint fails to state a claim on which relief may be granted, as the mere obligation to pay money is not a taking, and the County's promotion of the local wine industry is a public use.

### 2. SBCWID Assessments Are Not Takings

First, Flying Goat asserts "[t]he SBCWID amounts to a physical taking of money, Plaintiffs' personal property, through the levying of a one-percent assessment on the gross sales of the wine tasting facilities on purchases made in California." Dkt. No. 1 at 17, ¶ 102. Not so. The mere requirement to pay money is not a taking.

"The paradigmatic taking requiring just compensation is a direct government appropriation or physical invasion of private property." *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537 (2005); *see* Dkt. No. 1 at 1, ¶ 101. And "[e]ven though money is generally considered fungible… money may still be subject to a per se taking if it is a specific, identifiable pool of money." *Ballinger v. City of Oakland*, 24 F.4th 1287, 1294 (9th Cir. 2022) (*Ballinger*) (internal citation omitted); *Zeyen v.*

COLANTUONO, HIGHSMITH & WHATLEY, PC
790 E. COLORADO BOULEVARD, SUITE 850
PASADENA, CALIFORNIA 91101-2109

*Bonneville Joint Dist., # 93*, 114 F.4th 1129, 1146 (9th Cir. 2024). Examples include interest earned on a particular account (*Webb's Fabulous Pharmacies v. Beckwith*, 449 U.S. 155, 162 (1980)) or liens on property (*Armstrong v. United States*, 364 U.S. 40, 48 (1960)). But "[t]he money in all those cases was taken from known persons in the form of a specific, identified property interest to which those persons were already entitled." *Ballinger*, 24 F.4th at 1296.

Where, as here, government " 'merely impose[s] an obligation on a party to pay money on the happening of a contingency,' … but does not 'seize a sum of money from a specific fund,' " no taking has occurred. *Ballinger*, 24 F.4th at 1294. " '[A]ll circuits that have addressed the issue … have uniformly found that a taking does not occur when the statute in question imposes a monetary assessment that does not affect a specific interest in property.' " *Id.* at 1295 (quoting *McCarthy v. City of Cleveland*, 626 F.3d 280, 285 (6th Cir. 2010)). As a result, "the obligation to pay money in the tax and government services user fee context is not generally compensable under the Fifth Amendment because taxes and user fees are collected in exchange for government benefits to the payor." *Ballinger,* 24 F.4th at 1296 (quoting *United States v. Sperry Corp.*, 493 U.S. 52, 63 (1989)).

In *Ballinger,* homeowners challenged a City of Oakland ordinance that required landlords retaking possession of their homes to pay tenants a relocation payment, asserting the payment was an "unconstitutional physical taking of their money for a private purpose and without just compensation." *Ballinger,* 24 F.4th at 1291. *Ballinger* disagreed, explaining there was no taking because the ordinance merely required the homeowners to pay money upon a contingency — eviction of the current occupants — and did not seize a sum of money from a specific fund. *Id.* at 1294.

So, too, here. The SBCWID imposes an annual one-percent assessment on the gross sales of wine tasting facilities. Dkt. No. 1-1 at 12. It is a mere obligation to pay a certain amount upon a contingency, and does not appropriate a specific sum of

COLANTUONO, HIGHSMITH & WHATLEY, PC
790 E. COLORADO BOULEVARD, SUITE 850
PASADENA, CALIFORNIA 91101-2109

money from an identifiable fund. And the assessment is imposed for a specific government service and benefit — promotion of assessed wine tasting facilities leading to increased revenues. *Id.* at 18–19.

Nor does this case involve the special rule governing monetary land-use exactions recognized in *Koontz v. St. Johns River Water Mgmt. Dist.,* 570 U.S. 595, 617 (2013). Unlike the monetary demand there, the SBCWID assessment is not imposed as a condition upon governmental approval concerning a specific parcel of real property. It is an obligation calculated as a percentage of gross sales. *See Ballinger*, 24 F.4th at 1296–1297 (distinguishing *Koontz*). The SBCWID assessment is simply not a taking, and the third count should be dismissed.

### 3. Promoting the Wine Industry Is a Public Use

Next, even were the SBCWID assessment a taking under the Fifth Amendment, the County does not violate the Public Use Clause by contracting with SBCVA to administer the SBCWID. "The Public Use Clause generally holds that 'one person's property may not be taken for the benefit of another private person without justifying public purpose, even though compensation be paid.' " *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.,* 509 F.3d 1020, 1023 (9th Cir. 2007) (*Action Apartment Ass'n*) (quoting *Thompson v. Consolidated Gas Utilities Corp.,* 300 U.S. 55, 80 (1937)). " '[T]he [County] would no doubt be forbidden from taking … land for the purpose of conferring a private benefit on a particular private party,' '[n]or would the [County] be allowed to take property under the mere pretext of a public purpose, when its actual purpose was to bestow a private benefit.' " *MHC Fin. Ltd. P'ship v. City of San Rafael*, 714 F.3d 1118, 1129 (9th Cir. 2013) (*MHC*) (quoting *Kelo v. City of New London, Conn.*, 545 U.S. 469, 477-78 (2005) (*Kelo*)).

But the public use "requirement is not a stringent one." *Action Apartment Ass'n,* 509 F.3d at 1023. "[W]here the exercise of the eminent domain power is rationally related to a conceivable public purpose, the Court has never held a

COLANTUONO, HIGHSMITH & WHATLEY, PC
790 E. COLORADO BOULEVARD, SUITE 850
PASADENA, CALIFORNIA 91101-2109

compensated taking to be proscribed by the Public Use Clause." *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 241 (1984) (*Hawaii Hous. Auth.*); *see also Richardson v. City & Cnty. of Honolulu*, 124 F.3d 1150, 1158 (9th Cir. 1997) (courts employ "minimum scrutiny test," deferring to public use determination "unless the use involves an 'impossibility' or is 'palpably without reasonable foundation.'"). " 'This deferential standard of review echoes the rational-basis test used to review economic regulation under the Due Process and Equal Protection Clauses.' "" *MHC*, 714 F.3d at 1129 (quoting *Kelo,* 545 U.S. at 490 (Kennedy, J., concurring)).

The PBID Law itself identifies the public purposes of the BIDs it authorizes, noting "[i]t is in the public interest to promote the economic revitalization and physical maintenance of business districts in order to create jobs, attract new businesses, and prevent the erosion of the business districts." Cal. Sts. & High. Code, § 36601(b). "Promoting economic development is a traditional and long-accepted function of government." *Kelo,* 545 U.S. at 484. Stated differently, "[o]ne legitimate preoccupation of local government is to attract and preserve business." *One World One Fam. Now v. City & Cnty. of Honolulu*, 76 F.3d 1009, 1013 (9th Cir. 1996). Prosperous local business communities add to the tax base, and are necessary for the comfort and welfare of a county's citizens. *Id.*

Courts have repeatedly recognized **substantial** state interests in maintaining and growing major local industries, including agriculture and tourism. *See, e.g., Cal-Almond, Inc. v. U.S. Dep't of Agric.*, 14 F.3d 429, 437 (9th Cir. 1993) ("stimulating the demand for almonds in order to enhance returns to almond producers and stabilize the health of the almond industry is a substantial state interest"); *Demarest v. City of Leavenworth*, 876 F. Supp. 2d 1186, 1198 (E.D. Wash. 2012) ("Aesthetics, tourism and economic development are substantial government interests"). Those interests authorize the use of eminent domain. *Kelo,* 545 U.S. at 484 ("In our cases upholding takings that facilitated agriculture and mining, for example, we

COLANTUONO, HIGHSMITH & WHATLEY, PC
790 E. COLORADO BOULEVARD, SUITE 850
PASADENA, CALIFORNIA 91101-2109

emphasized the importance of those industries to the welfare of the States in question”).

Here, the goals of the SBCWID are undoubtedly public:

> The promotions & engagement program will promote Santa Barbara County as a premium winegrowing region and a premier global wine destination and leader in the global wine community. The promotions & engagement program will have a central theme of promoting Santa Barbara County as a desirable place to visit and a desirable area to purchase wines. The program has the goal of increasing visitation, retail sales at and recognition for assessed wine tasting facilities … . Dkt. No. 1-1, at 17.

That Flying Goat disagrees with those goals, or the manner in which SBCVA spends assessment proceeds to achieve them, does not convert an otherwise lawful taking into a violation of the Public Use Clause. “[W]hether in fact the provision will accomplish its objectives is not the question: the constitutional requirement is satisfied if the state Legislature rationally could have believed that the Act would promote its objective.” *Hawaii Hous. Auth.,* 467 U.S. at 242 (cleaned up). “ ‘When the legislature’s purpose is legitimate and its means are not irrational, our cases make clear that empirical debates over the wisdom of takings—no less than debates over the wisdom of other kinds of socioeconomic legislation—are not to be carried out in the federal courts.’ ” *MHC*, 714 F.3d at 1129 (quoting *Kelo*, 545 U.S. at 488).

Next, Flying Goat asserts the County may not constitutionally transfer SBCWID funds to SBCVA, a private entity. Dkt. No. 1, at 16–17. But the County does not violate the Public Use Clause by contracting with SBCVA to administer the SBCWID, or by providing it assessment funds. Much more direct transfers have been upheld as constitutional. For example, in *Hawaii Hous. Auth. v. Midkiff*, the Supreme Court approved a Hawaii law to reduce the perceived social and economic evils of a land oligopoly through a condemnation scheme whereby title in real





COLANTUONO, HIGHSMITH & WHATLEY, PC
790 E. COLORADO BOULEVARD, SUITE 850
PASADENA, CALIFORNIA 91101-2109

property is taken from lessors and transferred to lessees to reduce the concentration of land ownership. *Hawaii Hous. Auth.,* 467 U.S. at 232–233, 241–242; *see also Kelo,* 545 U.S. at 474 (approving condemnation for redevelopment purposes). The Supreme Court has "rejected the contention that the mere fact that the State immediately transferred the properties to private individuals upon condemnation somehow diminished the public character of the taking." *Kelo*, 545 U.S. at 482. "[I]t is only the taking's purpose, and not its mechanics, that must pass scrutiny under the Public Use Clause." *Hawaii Hous. Auth.,* 467 U.S. at 243–244.

The Complaint also asserts "[t]here is no direct public benefit for this taking" because "the purpose of the SBCWID is to benefit the wineries and the wine industry, not the public." Dkt. No. 1 at 17, ¶ 105. But the Supreme Court "long ago rejected any literal requirement that condemned property be put into use for the general public. 'It is not essential that the entire community, nor even any considerable portion, ... directly enjoy or participate in any improvement in order [for it] to constitute a public use.' "*Hawaii Hous. Auth.,* 467 U.S. at 244 (quoting *Rindge Co. v. Los Angeles Cnty.,* 262 U.S. 700, 707 (1923)); *see also Kelo*, 545 U.S. at 480 ("We have repeatedly and consistently rejected that narrow test"). "Quite simply, the government's pursuit of a public purpose will often benefit individual private parties." *Kelo*, 545 U.S. at 485. Promoting a major local industry — such as vintners in Santa Barbara County — is a public use under the Fifth Amendment, even if industry members benefit most. For this reason, too, the third count should be dismissed.

## IV. CONCLUSION

Flying Goat's disagreement with the SBCWID assessment and SBCVA's use of assessment revenues does not state a claim under the Fifth Amendment. The assessment imposes a monetary obligation; it does not appropriate any specific, identifiable property belonging to Flying Goat. And even if the assessment could constitute a taking, the SBCWID serves the public purposes of promoting tourism,

COLANTUONO, HIGHSMITH & WHATLEY, PC
790 E. COLORADO BOULEVARD, SUITE 850
PASADENA, CALIFORNIA 91101-2109

economic activity, and Santa Barbara County's wine industry. That assessed wineries particularly benefit from those efforts, and that SBCVA administers the assessment revenues, does not transform those public purposes into private ones. The Court should therefore dismiss Flying Goat's third count under Rule 12(b)(6), without leave to amend.

DATED: September 9, 2026

**COLANTUONO, HIGHSMITH & WHATLEY, PC**

/s/ Matthew C. Slentz

MICHAEL G. COLANTUONO
MATTHEW C. SLENTZ
Attorneys for SANTA BARBARA COUNTY VINTNERS ASSOCIATION

COLANTUONO, HIGHSMITH & WHATLEY, PC
790 E. COLORADO BOULEVARD, SUITE 850
PASADENA, CALIFORNIA 91101-2109

COLANTUONO, HIGHSMITH & WHATLEY, PC
790 E. COLORADO BOULEVARD, SUITE 850
PASADENA, CALIFORNIA 91101-2109

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Santa Barbara County Vintners Association, certifies that this brief contains 3,263 words, which:

☒ complies with the word limit of L.R. 11-6.1.

☐ complies with the word limit set by court order dated ____________.

DATED: September 9, 2026

/s/ Matthew C. Slentz

MATTHEW C. SLENTZ