RACHEL VAN MULLEM, COUNTY COUNSEL
SARA BRUCKER, DEPUTY (Bar No. 266511)
COUNTY OF SANTA BARBARA
105 E. Anapamu St., Suite 201
Santa Barbara, CA 93101
(805) 568-2950 / FAX: (805) 568-2982
E-mail: sbrucker@countyofsb.org

Attorneys for Defendant
SANTA BARBARA COUNTY
BOARD OF SUPERVISORS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FLYING GOAT CELLARS, INC., a California general corporation; NORM YOST, and individual; and KATHLEEN GRIFFITH, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SANTA BARBARA COUNTY BOARD OF SUPERVISORS, a government entity; BOB NELSON, in his official capacity as Chairman of the Board of Supervisors; SANTA BARBARA COUNTY VINTERS ASSOCIATION, a business league,<br><br>Defendants. | Case No: 2:26-cv-05489-SPG-DMK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS SANTA BARBARA COUNTY BOARD OF SUPERVISORS AND BOB NELSON'S MOTION TO DISMISS TAKINGS CLAIM AND ALL CLAIMS AGAINST BOB NELSON IN PLAINTIFFS' COMPLAINT**<br><br>Hearing Date: October 21, 2026<br>Hearing Time: 1:30 p.m.<br><br>Judge: Hon. Sherilyn Peace Garnett<br>Courtroom: 5C |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On May 28, 2026, Plaintiffs Flying Goat Cellars, Inc., Norm Yost, and Kathleen Griffith ("Plaintiffs") filed a Complaint for Declaratory and Injunctive Relief and for an Award of Damages ("Plaintiffs' Complaint") against the Santa Barbara County Board of Supervisors, Bob Nelson (collectively "County Defendants"), and the Santa Barbara County Vintners Association ("SBCVA"). Plaintiffs' suit under 42 U.S.C. § 1983 challenges the Santa Barbara County Wine Improvement District ("SBCWID"). In summary, Plaintiffs' objections include: the County's selection of the SBCVA as the owner's association for the SBCWID, the marketing and publicity campaigns of SBCWID, and the application of an assessment based on gross sales of wine tasting facilities. Plaintiffs allege that the creation, implementation and operation of the SBCWID violates their constitutional rights under the First and Fifth Amendments of the United States Constitution.

The County Defendants disagree with all causes of actions set forth in Plaintiffs' Complaint. However, this motion is brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure specifically as to the takings claim in the third cause of action and as to defendant Bob Nelson ("Chairman Nelson"). As discussed below, the third count in Plaintiffs' Complaint fails to state a claim for a taking in violation of the Fifth Amendment. Plaintiffs' Complaint does not contain allegations stating any plausible takings claim for relief against the County Defendants and should be dismissed with prejudice. Moreover, defendant Chairman Nelson is named in his official capacity as the chairman of the Board, with the Board of Supervisors additionally named as a defendant. All three causes of action are asserted against and allege the same conduct by both County Defendants. Defendant Bob Nelson is a redundant party and should be dismissed from this case.

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

## II. STATEMENT OF ALLEGED FACTS

Plaintiffs Norm Yost and Kathleen Griffith are co-owners of Flying Goat Cellars, Inc., a winery located in Lompoc, California within Santa Barbara County. Compl, ¶¶ 8-11. Defendant Bob Nelson is the Chairman of the County of Santa Barbara Board of Supervisors. Compl. ¶ 22. Defendant Santa Barbara County Vintners' Association ("SBCVA") serves as the owners' association for the Santa Barbara County Wine Improvement District ("SBCWID"). Compl. ¶ 18.

On February 11, 2025, the Santa Barbara County Board of Supervisors enacted Resolution 25-18, creating the SBCWID, adopting the Santa Barbara County Wine Improvement District Management Plan ("Management Plan"), and appointing SBCVA as the owners' association of SBCWID. Compl. ¶¶ 16, 35; Plaintiffs' Exhs. 3 & 4. The SBCWID was established pursuant to and consistent with the provisions of Streets and Highways Code sections 36600-36671. Compl. ¶ 6. The Management Plan lays out the purpose of the district as increasing the visibility of and promoting Santa Barbara County as a premier place to visit and purchase wines, with the overall economic goal of increasing sales and revenue. Plaintiffs' Ex. 4. To fund the above plan, SBCWID established a one-percent assessment on gross sales revenue to be assessed on wine tasting facilities within the district. Compl. ¶ 36.

## III. STANDARD OF REVIEW

The court should dismiss a complaint when its allegations fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8's pleading standard requires a plaintiff to provide more than labels and conclusions; neither a formulaic recitation of the elements of a cause of action, nor naked assertions unsupported by facts, will suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Factual allegations in the complaint "must be enough to raise a right

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

to relief above the speculative level." *Twombly,* 550 U.S. at 555. A pleading must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The plausibility analysis requires a two-pronged approach. *Iqbal,* 556 U.S. at 678-79. First, a court must recognize the elements a plaintiff must plead to state a claim. *Id.* at 675. Then the court identifies which statements in the complaint are factual allegations and which are legal conclusions. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. In addition, the court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

Moreover, drawing "on its judicial experience and common sense," the court must decide in the context of the specific case, whether the factual allegations, assuming they are true, allege a plausible claim. *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678; *In re Century Aluminum Co. Sec. Litig.,* 729 F.3d 1104, 1107 (9th Cir. 2013). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting Federal Rule of Civil Procedure 8(a)(2)).

Finally, dismissal of a complaint pursuant to Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

## IV. ARGUMENT

Plaintiffs' third cause of action alleging a taking in violation of the Fifth Amendment fails to state a claim upon which this Court can grant relief. Rather than demanding specific identified property, the SBCWID lawfully imposes an assessment of 1% upon the happening of a contingency - sales by wineries within the district. As discussed below, the SBCWID assessment on sales is not a taking.

Plaintiffs named both the Board of Supervisors and Chairman Nelson, in his official capacity, as defendants. Plaintiffs assert each cause of action against both County Defendants on the same alleged facts, creating an unnecessary redundancy in the parties. For these reasons, the County Defendants' motion to dismiss Plaintiffs' takings claim and all claims against Chairman Nelson should be granted.

### a. Plaintiffs' third cause of action, a taking under the Fifth Amendment, fails to state a claim on which this Court can grant relief.

Plaintiffs' third cause of action challenges the SBCWID on multiple grounds. First, Plaintiffs allege the assessment is a taking, as SBCWID compels "Plaintiffs to make a specific, identifiable transfer of money." Compl. ¶ 100. Second, Plaintiffs argue that the appointed owner's association – SBCVA – renders the SBCWID assessment a forced transfer of their property to a private entity with no public use or purpose to justify the taking. Compl. ¶¶ 100, 104. These arguments are inconsistent with legal precedent and together fail to establish a cognizable legal theory for Plaintiffs' takings claim.

SBCWID's 1% assessment on gross sales is not a taking. While courts have held that money can be a per se taking, they have found takings only when the funds are from a specific, identifiable pool of money. The Ninth Circuit analyzed this issue in *Ballinger v. City of Oakland*, 24 F.4th 1287 (9th Cir. 2022) ("*Ballinger*"). In their decision, the Court comprehensively analyzed prior case

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

law regarding obligations to pay money within the takings context. Based on their review of precedent, the *Ballinger* Court held that "merely impos[ing] an obligation on a party to pay money on the happening of a contingency" is not a taking. *Id*. at 1294. Applicable to Plaintiffs' takings argument, the *Ballinger* Court further held that case law throughout the circuit courts have consistently "found that a taking does not occur when the statute in question imposes a monetary assessment that does not affect a specific interest in property." *Id*. at 1295 (quoting *McCarthy v. City of Cleveland*, 626 F.3d 280, 284 (6th Cir. 2010). Here, the SBCWID assessment is an obligation to pay money upon the happening of a contingency. As the SBCWID does not appropriate specific, identifiable property, but rather establishes a general obligation to pay, it is not a taking. (*Id.*)

Plaintiffs further challenge the SBCWID as "a government-mandated transfer of funds directly to a private party" – SBCVA – with "no sufficient 'public use'…" Compl. ¶¶ 100, 104. As in *Ballinger*, the granting of County Defendants' motion to dismiss does not require a decision on whether there was a valid public use, as Plaintiffs have not established the SBCWID creates a taking. However, if a taking existed, Plaintiffs' claim of no public use is not supported by their attached exhibits or legal precedent. Additionally, a public purpose is not undermined simply by a private party's involvement in the purpose. (*See Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 244 (1984) – when determining public use "it is only the taking's purpose, and not its mechanics" that matters).

The United States Supreme Court discussed interpretations of "public use" in takings claims in *Kelo v. City of New London*, 545 U.S. 469 (2005) ("*Kelo*"). *Kelo* dealt with a challenge to a city's exercise of eminent domain over Petitioners' condemned property, specifically addressing, "whether a city's decision to take property for the purpose of economic development satisfies the

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

'public use' requirement of the Fifth Amendment." *Id*. at 477. The Court acknowledged that "promoting economic development is a traditional and long accepted function of government." *Id*. at 484. Their review of precedent illustrated a consistently broad interpretation of what constitutes a public use, finding "[w]ithout exception, our cases have defined that concept broadly, reflecting our longstanding policy of deference to legislative judgments in the field." *Id*. at 480. Based on "over a century of case law interpreting that provision ['public use' within in meaning of the Fifth Amendment]," the *Kelo* Court held that economic development serves a public purpose, thus a taking for that reason satisfies the public use requirement of the Fifth Amendment.

Following the analysis in *Kelo*, the SBCWID, created to address economic development, serves a public purpose and satisfies the public use requirement of the Fifth Amendment. Plaintiffs have attached to their Complaint seven (7) exhibits that present the detailed economic development plan created with the SBCWID. *See* Plaintiffs' Exhs. 1-7. Based on Plaintiffs' moving papers and well-established case law, the SBCWID purpose of developing and increasing sales and revenue through promotion of the region and wineries within the district, falls well within the broadly defined "public use" for the Fifth Amendment.

**b. Defendant Chairman Nelson should be dismissed as a redundant party.**

Plaintiffs have filed this matter against the Santa Barbara County Board of Supervisors and Chairman Nelson, in his official capacity as Chairman of the Board of the Board of the Santa Barbara Board of Supervisors. Naming Chairman Nelson as a defendant is redundant as all claims are asserted against both County Defendants based on the same alleged conduct. As official capacity suits are treated as a suit against the entity, the additional filing against Chairman Nelson serves no legal purpose. *Kentucky v. Graham*, 473 U.S. 159

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

(1985) ("official-capacity suits against an officer are generally treated as suits against the governmental entity of which the officer is an agent"); *see also Schulte v. Leners*, 783 F.Supp.3d 1131 (2025) (claims brought against a Town Board Chairman in his official capacity, found to be redundant when Town was also named). Courts have consistently dismissed government officers sued in their official capacity as redundant parties when the government entity is also a named party and the conduct alleged is the same for the official and the government entity. *See Luke v. Abbott*, 954 F. Supp. 202 (C.D. Cal. 1997) (all claims against District Attorney dismissed where the District Attorney was sued in his official capacity and the County was also named); *Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Dept.*, 533 F.3d 780 (9th Cir. 2008) (County Sheriff's Department, County Sheriff in official capacity named in suit, proper to dismiss Sheriff as redundant party); *Vance v. Cnty, of Santa Clara*, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996) (if city officials are named in a suit in their official capacity only and the city is also named, the claims against city officials should be dismissed as duplicative).

It is anticipated that Plaintiffs may not oppose this request. However, as of the date of this filing, the County has not received confirmation of Plaintiffs' non-opposition.

///

///

///

///

///

///

///

///

///

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

## V. CONCLUSION

For the reasons set forth above, the County respectfully requests that this Court dismiss Plaintiffs' third Cause of Action alleged in their Complaint for failure to state a claim upon which relief can be granted and dismiss all claims against Defendant Chairman Nelson.

Dated: September 9, 2026

Respectfully submitted,

RACHEL VAN MULLEM
COUNTY COUNSEL

By: /S/ - Sara Brucker
SARA BRUCKER
Deputy County Counsel
Attorneys for Defendants
SANTA BARBARA COUNTY
BOARD OF SUPERVISORS,
and BOB NELSON

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants SANTA BARBARA COUNTY BOARD OF SUPERVISORS and BOB NELSON, certifies that this brief contains 2,386 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 9, 2026

Respectfully submitted,

RACHEL VAN MULLEM
COUNTY COUNSEL

By: /S/ - Sara Brucker
SARA BRUCKER
Deputy County Counsel
Attorneys for Defendants
SANTA BARBARA COUNTY
BOARD OF SUPERVISORS,
and BOB NELSON

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950